IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

WILLIAM PARKE CUSTIS,
    Plaintiff,

v.                                                                     Civil No. 3:24cv141(DJN)

ACCOMACK COUNTY SHERIFF'S OFFICE, *et al.*,
    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Plaintiff's allegations failed to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. Accordingly, by Memorandum Order entered on June 12, 2024, the Court directed Plaintiff to submit a particularized complaint within thirty (30) days of the date of entry thereof in conformance with the following directions in the order set forth below:

    a.     At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:24CV141."
    b.     The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he

> believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.
>
> c. The particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints.
>
> **<u>FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.</u>** *See* Fed. R. Civ. P. 41(b).

(ECF No. 11, at 2.)

Thereafter, the Court granted Plaintiff multiple extensions of time. By Memorandum Order entered on October 29, 2024, the Court granted Plaintiff a final extension of time and directed Plaintiff to file a particularized complaint by December 1, 2024. (ECF No. 20.) On December 5, 2024, the Court received the Plaintiff's Particularized Complaint. (ECF No. 21.)

In his Particularized Complaint, Plaintiff made little to no effort to comply with the Court's directions for stating his claims. Instead, Plaintiff simply provides a timeline and a statement of facts. (*Id.* at 4–9.) At no point, does Plaintiff identify each civil right violated or make any attempt to explain why the dozen Defendants are liable to him. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE because Plaintiff failed to comply with the terms of the June 12, 2024 Memorandum Order.

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Plaintiff.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Date: <u>March 19, 2025</u>